## SUPREME COURT.

EDWIN H. ALLEN agt. HENRIETTA ALLEN and others.

In an action for *partition*, in which the plaintiff is obliged to make " *unknown owners* " defendants, he is entitled to proceed by *publication* under § 135 of the Code, where a proper designation of those parties are given.

*Columbia Special Term, October,* 1854.

MOTION for order of publication, &c.

This action was brought for the partition of lands. The plaintiff's affidavit shows that three of the defendants reside in New Gascony, in the state of Arkansas; that the defendant Thomas Allen, being a soldier in the army of the United States, left this state about *twenty-five years* ago, and has not been heard from for more than twenty years; that when he was last heard from he was stationed at Council Bluffs, in the state of

Missouri; that when he left he had a wife and children, who went with him, and whose names the plaintiff is unable to state. The defendants in the action are the three persons residing in the state of Arkansas, and "Thomas Allen, his wife and children, and others, owners unknown." Upon this state of facts, the plaintiff moved for an order, that service of the summons be made by publication.

DARIUS PECK, *for plaintiff.*

HARRIS, Justice.   When this application was presented, I had great doubts whether it could be brought within the provisions of the Code.   But, upon further consideration, I am satisfied that the plaintiff is entitled to the usual order authorized by the 135th section.

Besides the three who reside in Arkansas, the other defendants are really "unknown owners."   Thomas Allen has not been heard from in more than twenty years, and is probably dead.   Who the persons are who have succeeded to his interest in the lands, the plaintiff has been unable to ascertain.   It was very well, instead of proceeding against "unknown owners" merely, in respect to the interest which would have belonged to Thomas Allen, if living, to state that the proceeding was against "Thomas Allen and his wife and children, and others, owners unknown."   But, in effect, it is a proceeding against "*unknown owners.*"

The question, therefore, is, whether, in an action for partition, in which the plaintiff is obliged to make unknown owners defendants, he is to proceed against them in the manner prescribed by the 135th section of the Code, or, regarding the case as one not provided for by that act, is to pursue the practice as it existed at the time of the adoption of the Code.

By the 175th section of the Code it is provided, that "when the plaintiff shall be ignorant of the name of a defendant, such defendant may be designated by any name."   Here the plaintiff, being thus ignorant, has designated the persons who are proper parties defendant in the action, as "Thomas Allen and his wife

and children, and others, owners unknown." This, I suppose, is a sufficient designation. It indicates as clearly as possible who are the parties intended.

It also appears that the persons thus intended have an interest in the subject of the action, and thus the case is brought within the 4th subdivision of the 135th section.

An order must, therefore, be entered, directing that service of the summons in this action be made upon all the defendants therein, by the publication thereof in the Albany Evening Journal and the Democratic Freeman, once in each week, for *twelve weeks*, and also that a copy of the summons and complaint be forthwith deposited in the post-office at Hudson, directed to each of the defendants residing in Arkansas.